IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RYAN JARROD STANFORD, : | |
| : | |
| Plaintiff : | |
| : | CIVIL ACTION NO.: 5:07-CV-51 (WDO) |
| VS. : | |
| : | |
| UNITED STATES DISTRICT COURT : | |
| FOR THE SOUTHERN DISTRICT : | |
| OF GEORGIA; WILLIAM T. MOORE, : | |
| : | |
| Defendants : | |
| : | **ORDER** |

Plaintiff **RYAN JARROD STANFORD**, an inmate at Georgia State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmates right to due process of law; or an inmates right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records reveals plaintiff has filed numerous civil actions in federal courts in the State of Georgia while incarcerated. At present, at least nine of these complaints or appeals

have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: *Stanford v. Georgia Dep't of Corr.*, 1:06-CV-956 (ODE) (N. D. Ga. May 15, 2006); *Stanford v. Smith*, 5:05-CV-288 (WDO)(M. D. Ga. February 3, 2006)(appeal dismissed as frivolous); *Stanford v. United States District Court, Northern District of Georgia*, 5:05-CV-386 (CAR)(M. D. Ga. November 23, 2005); *Stanford v. Smith*, 6:05-CV-81 (BAE)(S. D. Ga. November 14, 2005); *Stanford v. Smith*, 6:05-CV-56 (BAE) (S. D. Ga. November 1, 2005)(Additionally, a later appeal was dismissed as frivolous in this case on April 3, 2006); *Stanford v. Head*, 1:05-CV-1988 (ODE)( N. D. Ga. August 25, 2005); *Stanford v. Smith*, 6:04-CV-149 (BAE)(S. D. Ga. June 22, 2005)(Additionally, a later appeal was dismissed as frivolous in this case on December 27, 2005).

Because plaintiff has had at least nine prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff has not made such a showing. Therefore, plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.[1]

**SO ORDERED**, this 15TH day of FEBRUARY, 2007.


S/
WILBUR D. OWENS
UNITED STATES DISTRICT JUDGE

lnb

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.